UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| QUINTERO HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00630-JPH-DML |
| | ) | |
| D. ZATECKY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Quintero Hayes, an inmate at Pendleton Correctional Facility (PCF), brings this action alleging numerous violations of his constitutional rights. Because Mr. Hayes is a prisoner, this Court must screen his complaint pursuant to 28 U.S.C. § 1915A(a).

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Hayes's pro se pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See, e.g.*, *Abu-Shawish v. United States*, 898 F.3d 726, 737 (7th Cir. 2018) ("And because Abu-Shawish was proceeding *pro se*, the district court should have construed his petition liberally.").

## II. The Complaint

Mr. Hayes names 106 defendants in his complaint but does not assert factual allegations against all of them. He alleges numerous violations of his civil rights, several of which are unrelated to one another. In this section, the Court identifies the different claims that appear in the complaint, including those that appear plausible and those that must be dismissed. The Court addresses the misjoinder of these claims in a separate section.

### A.     Unsanitary Conditions of Confinement (¶¶ 107–186)

Since Mr. Hayes arrived at G Cellhouse at PCF in July 2018, the staff has not facilitated proper or timely garbage removal. Garbage has piled up on the range. Mice, birds, cockroaches, and other pests have infested the unit.

Constant exposure to garbage, pests, and their droppings has made Mr. Hayes ill. Birds have attacked him. His food is regularly infested with pests or pest droppings or placed in contact with pests or pest droppings on its way to his cell. Mr. Hayes has become ill from contaminated food, and he has been deprived of proper nourishment because so much of his food becomes contaminated and inedible.

These allegations support plausible Eighth Amendment claims against the following defendants pursuant to 42 U.S.C. § 1983, based on the theory that they knew of and were deliberately indifferent to Mr. Hayes' confinement under conditions posing a serious risk to his health and safety:

- Robert Carter, Indiana Department of Correction (IDOC) Commissioner
- D. Zatecky, Former PCF Superintendent
- D. Reagle, PCF Superintendent
- D. Alsip, PCF Superintendent of Operations
- Major M. Conyers

- Mr. Alberson, PCF Maintenance, Sanitation, and Safety Hazard Supervisor
- W. Kent, PCR Safety Hazard Supervisor
- Lieutenant J. Jackson
- Captain C. Rinehart
- B. Miller, Food Service Director

These allegations also support an Eighth Amendment policy-or-practice claim against the Aramark Corporation, LLC, PCF's foodservice provider.

### B. Exposure to Electrical Current (¶¶ 204–234)

In December 2020 and January 2021, a wiring problem caused an electrical current to flow through Mr. Hayes's cell. The walls, floor, toilet, sink, and furniture are all metal. For 18 days, the lights flickered, and Mr. Hayes was regularly shocked for 18 days.

Mr. Hayes first notified Sergeant Opie and Officer Williams of the electrical problem in his cell and asked to move. They refused to call the maintenance staff and instead insisted on reporting the issue to Lieutenant Martz. Lieutenant Martz told Mr. Hayes on December 21 that he had placed a maintenance request with Mr. Alberson, but no one came to fix the problem until January 5. These allegations support plausible Eighth Amendment claims under § 1983 against:

- Mr. Alberson, PCF Maintenance, Sanitation, and Safety Hazard Supervisor
- Lieutenant Brian Martz
- Sergeant Opie
- Officer Williams

### C. Fires (¶¶ 235–308)

Fires burned in G Cellhouse on June 29 and 30 and July 1, 2019. Mr. Hayes notified Superintendent Zatecky, Lieutenant Bagienski, and Mr. Kent that the unit did not have functional

sprinklers or fire alarms and the fires were not put out quickly. They did nothing to correct the problems, and fires burned again on July 30 and 31, 2019.

Caseworker Cochran was on the range during the July 1 fire. She did not attempt to put out the fire or call for help. She also ignored Mr. Hayes's calls for help, as he had difficulty breathing and experienced chest pain, lightheadedness, and dizziness. During the July 30 and 31 fires, Officer Kendricks, Sergeant Corey, Officer Gray, and Officer Dillon all failed to respond to Mr. Hayes' needs for medical attention.

These allegations support plausible Eighth Amendment claims against the following defendants pursuant to § 1983:

- D. Zatecky, Former PCF Superintendent
- Lieutenant Andrew Bagienski
- W. Kent, PCR Safety Hazard Supervisor
- T. Cochran, PCF Caseworker
- Officer C. Kendricks
- Officer J. Gray
- Sergeant J. Corey
- Officer J. Dillon

Eighth Amendment claims against the IDOC are **dismissed** for **failure to state a claim** upon which relief may be granted. The Eleventh Amendment bars private lawsuits in federal court against a state that has not consented. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). "An agency of the state"—such as the IDOC—"enjoys this same immunity." *Nuñez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016).

Similarly, claims against Commissioner Carter and Superintendent Alsip based on the fires are **dismissed** for **failure to state a claim** upon which relief may be granted. Mr. Hayes alleges

4

only that these defendants "failed to uphold their policies and train Mr. Kent and GCH staff in upholding their maintenance, fire safety and health care policies." Dkt. 1 at ¶ 308. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Moreover, "failure to train claims are usually maintained against municipalities, not against individuals, and, in the Eighth Amendment context, such claims may only be maintained against a municipality." *Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005) (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001)).

**D.      Prolonged Confinement to Administrative Segregation (¶¶ 309–319)**

Mr. Hayes alleges that he has been confined in administrative segregation since July 28, 2018, without meaningful review. In that time, his status has been reviewed only three times, and all have been perfunctory.

These allegations support plausible Fourteenth Amendment due-process claims pursuant to § 1983 against the following defendants, who Hayes alleges have been responsible for various aspects of his confinement in administrative segregation and reviewing that status:

- D. Zatecky, Former PCF Superintendent
- D. Reagle, PCF Superintendent
- T. Cochran, PCF Caseworker
- Ms. Ashby, PCF Caseworker
- Mr. Evans, PCF Caseworker Manager
- Mr. Martin, PCF Caseworker
- V. Shepherd, PCF Caseworker
- D. Arnold, PCF Caseworker Manager
- J. Cook, PCF Caseworker Manager

5

- S. Amburn, PCF Unit Team Manager
- J. Stafford, PCF Unit Team Manager
- Mr. Ross, PCF Caseworker manager
- Mr. Greathouse, PCF Unit Team Manager
- Mr. Hollowell, PCF Caseworker
- Ms. Vckov, PCF Caseworker Manager
- Jack Hendrix, IDOC Executive Director of Classification

**E.     Deliberate Indifference to Serious Medical Needs (¶¶ 320–341)**

In January 2021, Mr. Hayes told Sergeant Ruiz, Officer Thomas, and Officer Mathema he was suicidal and asked to speak to a mental health therapist. They denied his request and told him that their superiors, including Major Conyers, Captain Rinehart, Lieutenant Pfleeger, and Captain Boldman, directed them to deny mental health treatment to inmates unless they had harmed themselves. Mr. Hayes cut his wrist with a razor blade. Officer Mathema took him to a shakedown booth but left there him without medical attention for about 45 minutes. Nurse Smith refused to treat the cuts, and they became infected.

These allegations support plausible Eighth Amendment claims pursuant to § 1983 based on the theory that the following defendants were deliberately indifferent to Hayes's serious needs for medical and mental health treatment:

- Major M. Conyers
- Captain C. Rinehart
- Sergeant Q. Ruiz
- Officer Thomas
- Officer Mathema
- Cpt. J. Boldman

6

- Nurse Smith

The complaint does not identify Lieutenant Pfleeger as a defendant despite alleging that he was responsible for denying Mr. Hayes mental health treatment.

### F. Denial of Recreation (¶¶ 342–362)

Inmates in G Cellhouse have regularly been denied recreation for extended periods. One such period lasted six months. During the COVID-19 pandemic, Superintendent Reagle, Superintendent Alsip, Ms. Amburn, Mr. Greathouse, Major Conyers, and Captain Hill combined to keep all inmates in the unit quarantined in their cells without recreation, even after quarantine periods had ended and no new inmates tested positive for the virus.

These allegations support plausible Eighth Amendment conditions-of-confinement claims against the following defendants pursuant to § 1983:

- D. Reagle, PCF Superintendent
- Major M. Conyers
- D. Alsip, PCF Superintendent of Operations
- S. Amburn, PCF Unit Team Manager
- Mr. Greathouse, PCF Unit Team Manager
- Captain Steven Hill

Claims against Wexford, the IDOC's medical contractor, are **dismissed** for **failure to state a claim** upon which relief may be granted. Although a private entity, Wexford acts under color of state law and therefore may be liable for damages under § 1983 only under the theory announced in *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *Walker v. Wexford Health Sources*, 940 F.3d 954, 966 (7th Cir. 2019). "Prevailing on such a claim requires evidence that a Wexford policy, practice, or custom caused" the constitutional violation alleged. *Id.* Mr. Hayes does not allege that any individual defendant responsible for denying him recreation was employed

7

by Wexford, much less that the defendants denied him recreation pursuant to a Wexford policy, practice, or custom.

### G. Claims That Are Dismissed

The complaint contains three groups of claims that are categorically dismissed.

First, Mr. Hayes alleges that the floors in G Cellhouse are in disrepair and that he has injured himself several times simply while walking through the unit. Dkt. 1 at ¶¶ 187–203. "[A]n uneven, horizontal walkway" is not a "sufficiently serious" condition to implicate the Eighth Amendment. *Hardin v. Baldwin*, 770 F. App'x 289, 290 (7th Cir. 2019). "[T]he risk of tripping" on an uneven walkway "is no worse than the risk present on slippery floors in prison showers," which federal courts have consistently declined to deem hazardous conditions for Eighth Amendment purposes. *Id.* (citing *Pyles v. Fahim*, 771 F.3d 403, 410 & n.25 (7th Cir. 2014)). Claims based on allegations of dangerous floors are **dismissed** for **failure to state a claim** upon which relief may be granted.

Second, Mr. Hayes names 106 defendants in the complaint, but the factual allegations setting out his claim refer to only 43 of those defendants. Mr. Hayes names 63 individuals as defendants without asserting any allegations against them. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* Mr. Hayes identifies no causal connection between the constitutional violations alleged in the complaint and 63 of the individuals he asks to sue. Claims against defendants not associated with any factual allegations are **dismissed** for **failure to state a claim** upon which relief may be granted.

8

Third, claims against any defendant in his or her official capacity are **dismissed** for **failure to state a claim** upon which relief may be granted. "Personal capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* at 165–166 (quoting *Monell*, 436 U.S. at 690 n. 55). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. As noted above, the Eleventh Amendment bars official-capacity claims against IDOC defendants, and official-capacity claims against Wexford defendants fail because Mr. Hayes has not alleged that a Wexford policy, practice, or custom caused the pertinent constitutional violation.

### III. Misjoinder of Claims and Further Proceedings

In Part II above, the Court identified six plausible claims for relief:

A. Eighth Amendment claims based on unsanitary conditions of confinement (¶¶ 107–186)

B. Eighth Amendment claims based on exposure to electrical current (¶¶ 204–234)

C. Eighth Amendment claims based on fires (¶¶ 235–308)

D. Fourteenth Amendment claims based on prolonged confinement in administrative segregation (¶¶ 309–319)

E. Eighth Amendment claims based on deliberate indifference to serious medical needs (¶¶ 320–341)

F. Eighth Amendment claims based on denial of recreation (¶¶ 342–362)

Some defendants are involved in more than one claim. However, no two claims overlap completely.

A plaintiff may join "as many claims as it has against an opposing party" in one action. Fed. R. Civ. P. 18(a). However, a plaintiff may join multiple defendants in one action only if "any

9

question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(B). The Court must apply Rule 20 first. *UWM Student Assoc. v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). The Court may "sever any claim" that is misjoined. Fed. R. Civ. P. 21.

None of the six claims identified above may proceed in the same action. Any combination of two claims would feature at least two defendants without any common question of law or fact.

**No later than August 19, 2021**, Mr. Hayes must file a notice stating the following:

1. Mr. Hayes must select one claim (A–F) to pursue in this action. The Court will then issue process on the appropriate defendants.

2. Mr. Hayes may select additional claims (A–F) to pursue in separate actions. The Court will sever those claims and open a new action for each one. In each case, Mr. Hayes will be responsible for either paying the filing fee or obtaining leave to proceed *in forma pauperis*.

The Court will dismiss all claims that Mr. Hayes does not specifically identify in his notice. If Mr. Hayes fails to file his notice in the time provided, the Court will direct that Claim A, based on unsanitary conditions of confinement, proceed in this case and dismiss the remaining claims without prejudice as improperly joined.

**SO ORDERED.**

Date: 7/16/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

QUINTERO HAYES
213543
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

10